Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7509 | **DATE** | 12/6/10 |
| **CASE TITLE** | John Johnson (R-71062) v. Joseph Birkett | | |

**DOCKET ENTRY TEXT:**

Plaintiff's current application to proceed *in forma pauperis* [3] is denied without prejudice to Plaintiff submitting a completed application. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint. Within 30 days of the date of this order, Plaintiff must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint that states a valid claim. The clerk shall send to Plaintiff another *in forma pauperis* application and an amended complaint form, along with a copy of this order. Failure to comply with this order within 30 days may be construed as Plaintiff's desire not to proceed with this case and will result in dismissal of the case without prejudice. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

  Plaintiff, John Johnson (R-71062), currently incarcerated at Stateville Correctional Center, has filed this 42 U.S.C. § 1983 action against DuPage County State's Attorney Joseph Birkett. Plaintiff seeks to proceed *in forma pauperis* and for the appointment of counsel. Plaintiff's *in forma pauperis* application is incomplete, as it includes neither a copy of his jail trust fund account for a six-month period preceding his filing of this complaint, nor a certificate by an authorized officer stating the average balance of Plaintiff's trust fund account. The filing fee must be resolved before this case can proceed forward.

  The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis*, which allows the inmate to pay the filing fee in installments. The *in forma pauperis* application must be on this court's form. If the court grants the inmate's application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must, with his application, "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

  If Plaintiff wants to proceed with this case, he must either pay the $350 filing fee or submit a completed *in forma pauperis* application on the form being provided, and include a copy of his inmate trust account statement for the six-month period immediately preceding the filing of the current complaint, as well as have an autorized officer fill out the certificate portion of the application. Failure to comply with this order within 30 days of the date of this order will result in summary dismissal of the case without prejudice.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

Additionally, Plaintiff's complaint fails to state a valid claim against State's Attorney Birkett. Plaintiff's complaint names Birkett as the only defendant, but does not mention him in the description of the claim. Plaintiff instead refers to two Assistant State's Attorneys. Birkett cannot be held strictly liable for unconstitutional torts of Assistant State's Attorneys. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (there is no respondeat superior claim in a §1983 action and officials cannot be held liable in their supervisory roles for the constitutional wrongs of their subordinates). Also, prosecutors are absolutely immune from 42 U.S.C. § 1983 civil liability for core prosecutorial actions, such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's allegations appear to involve such prosecutorial actions. Furthermore, Plaintiff may not bring a civil suit for damages with respect to an allegedly illegal conviction until his conviction has been declared invalid by direct or habeas review. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

For these reasons, the complaint is dismissed. To proceed with this case, Plaintiff may file an amended complaint (plus a judge's copy and a service copy for each defendant) that presents a valid claim and that better states how the defendants were involved with the claims. If Plaintiff proceeds with his current claim, he may incur not only the $350 filing fee, but also the imposition of a strike under 28 U.S.C. § 1915(g) (the dismissal of an inmate's case for failure to state a claim counts as a strike). If an inmate accumulates three strikes, he may not proceed *in forma pauperis* in a civil case in this court or on appeal, unless he first demonstrates that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). If Plaintiff does not submit an amended complaint, such inaction may be construed as his desire not to proceed with this case and will result in summary dismissal of this case without prejudice.